**+IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **JOHN RIFE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21CV00016 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **TRACTOR SUPPLY COMPANY,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Benjamin T. Boscolo, Ashley E. Strandjord, CHASENBOSCOLO, Falls Church, Virginia, for Plaintiff; P. Bradenham Michelle, IV, Elizabeth O. Papoulakos, and Jillian M. Smaniotto, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Defendant.*

In this slip-and-fall case governed by Virginia law, the plaintiff seeks recovery for injuries he sustained when he slipped and fell on the premises of a retail store. The plaintiff contends that the store owner was negligent by failing to keep premises free from a dangerous condition of which should have known. Based on the undisputed facts, I find that the plaintiff has not shown that the store owner had constructive knowledge of the condition and thus will grant the defendant's Motion for Summary Judgment.[1]

---

[1] The defendant also filed a Motion in Limine seeking to exclude the plaintiff's lost wages and lost income from being considered for the purpose of assessing damages. However, given my disposition of the case, it is not necessary to address this motion and it will be considered as moot.

I.

The facts, taken from the summary judgment record and recited in the light most favorable to the plaintiff, are as follows.

On April 13, 2019, the plaintiff John Rife visited a retail store of the defendant Tractor Supply Company (Tractor Supply), intending to buy a dog leash. The plaintiff was accompanied by his son, who walked ahead of him toward the relevant section of the store. The aisle leading to that section contained bags of dog food, some of which were stacked on shelves low to the ground.

After taking four or five steps into the aisle, the plaintiff fell after stepping on something he described as feeling like marbles under his feet. Neither the plaintiff nor his son noticed anything on the ground prior to the fall. Immediately after the fall, however, the plaintiff and his son saw that dog food bits were scattered across the aisle, with several pieces being crushed. A photograph taken by the plaintiff's son after the plaintiff's fall, Fig. 1, shows the dog food and what appears to be an opening in one of the dog food bags located on the lowest shelf.




Fig. 1. There is no evidence in the record indicating when the dog food spilled onto the floor. [2]

[2] Tasha Mitchell, the store manager, stated in her deposition that employees are to monitor the aisles for hazards every hour to hour and a half. Mem. Opp'n Def.'s Mot. Summ. J. Ex. 2, Mitchell Dep. 15–16, ECF No. 30-3. Further, Tractor Supply has a program called "Feed the Floor" which requires employees to monitor the pet supplies section of the store for four-to-eight hours every day to stock the shelves and look for spills. However, neither the district manager, the store manager, nor the "team lead" of the store on the day of the incident could identify the last time the aisle in question was checked.

As a result of his fall, the plaintiff filed this action against Tractor Supply pursuant to the court's diversity jurisdiction, seeking damages for his injuries suffered in the fall. Following discovery, the defendant filed the present Motion for Summary Judgment and the parties have submitted written and oral argument on the issues. The motion is now ripe for decision.

II.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with [any] affidavits" filed by the parties. *Celotex Corp. v. Catrett ex rel. Catrett*, 477 U.S. 317, 322 (1986).[3] "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). A fact is material if "its existence or non-existence could result in a different jury verdict." *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[3] I have omitted internal quotation marks, citations, and alterations throughout this opinion unless otherwise noted.

At the summary judgment stage, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to come forward and establish a specific material fact in dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In determining if a genuine issue of material fact exists, courts view the facts and draw all reasonable inferences in favor of the nonmovant. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013).

"[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (per curium). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 783 (4th Cir. 2021) (unpublished).

III.

Virginia substantive law applies in this diversity action. The law applicable to slip-and-fall cases is well settled. A property owner "must use ordinary care to keep his premises reasonably safe for an invitee, although he is not an insurer of the

invitee's safety." *Tate v. Rice*, 315 S.E.2d 385, 388 (Va. 1984). In *Colonial Stores v. Pulley*, 125 S.E.2d 188 (Va. 1962), the Virginia Supreme Court opined:

> The [store owner] owe[s] the [customer] the duty to exercise ordinary care toward her as its invitee upon its premises. In carrying out this duty it [is] required to have the premises in a reasonably safe condition for her visit; to remove, within a reasonable time, foreign objects from its floors which it may have placed there or which it knew, or should have known, that other persons had placed there; to warn the [customer] of the unsafe condition if it was unknown to her, but was, or should have been, known to the [store owner].

*Id.* at 190.

Tractor Supply argues in part that summary judgment is appropriate because no reasonable jury could conclude from the evidence that it knew of the spilled dog food. A plaintiff's claim involving a slip and fall may "survive summary judgment if the evidence would allow a reasonable jury to conclude that the premises' owner had actual or constructive notice of the unsafe condition that caused her injury." *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 452 (4th Cir. 2004). To establish the defendant's constructive notice of the unsafe condition, the plaintiff must show that "an ordinarily prudent person, given the facts and circumstances [the defendant] knew or should have known, [would] have foreseen the risk of danger resulting from such circumstances." *Id*. at 453 (quoting *Memco Stores, Inc. v. Yeatman*, 348 S.E.2d 228, 231 (Va. 1986)).

In the present case, the plaintiff has produced no evidence that any Tractor Supply employee had actual knowledge of the spilled dog food prior to the plaintiff's

fall. Thus, the crucial issue is whether the defendant had constructive knowledge of the spilled dog food.

Constructive knowledge of a defect or dangerous condition on the premises may be established by evidence that the condition "was noticeable and had existed for a sufficient length of time to charge its possessor with notice of its defective condition." *Grim v. Rahe, Inc.*, 434 S.E.2d 888, 890 (Va. 1993). Here, the plaintiff has produced no evidence as to how long the dog food had been on the floor. Neither the plaintiff, nor his son, saw the dog food prior to the fall and therefore, do not know whether the dog food was there at the time of their arrival. Therefore, it is impossible to draw any inferences about when the dog food first appeared on the floor.

The plaintiff argues that the fact that the dog food bits were scattered across the aisle and some pieces were crushed suggests it could have been there long enough that a Tractor Supply employee should have noticed it. However, the condition of a foreign object or substance is inadequate to establish that it had been there a sufficient length of time to create constructive notice. *Great Atl. & Pac. Tea Co. v. Berry*, 128 S.E.2d 311, 314 (Va. 1962). For example, in *Hudson v. Kroger Co.*, No. 6:06cv00046, 2007 WL 2110340 (W.D. Va. July 18, 2007), the court in applying Virginia law found that the condition of spilled cherries which allegedly caused a plaintiff to fall could not impute constructive notice on the defendant store.

*Id*. at *5–6. The court explained that without more evidence, "the jury would be asked to speculate or guess as to how long the cherries were on the floor." *Id*. at *5.

The same is true here. It is just as logical to assume that (1) the dog food spilled shortly before the plaintiff fell and (2) the plaintiff's fall caused the dog food to scatter and crush as it to infer that Tractor Supply employees should have known about the dog food in the exercise of reasonable care. Without more evidence on the record, a jury could only reach such a conclusion "as the result of surmise, speculation and conjecture." *Colonial Stores Inc.*, 125 S.E.2d at 190.

The plaintiff also contends that Tractor Supply violated its own store safety policies, and therefore it is liable for the fall. The plaintiff points to deposition testimony in which a Tractor Supply representative stated that (1) dog food spills on a daily basis; (2) that a Tractor Supply policy provides that spills should be cleaned up immediately; and that (3) Tractor Supply has no evidence that the dog food aisle had been inspected on the day of the incident. The plaintiff suggests that because the defendant had a program in place to regularly monitor the aisle in which the dog food spilled and because it cannot establish that it complied with its policy, that summary judgment must be denied. This assertion is misplaced.

The evidence regarding the frequency of dog food spills and the policies in place regarding monitoring and cleanup times go to whether dog food spills were foreseeable in general, and not whether Tractor Supply had actual or constructive

notice of the dog food spill that allegedly injured the plaintiff. *See Hodge*, 360 F.3d at 453. The Supreme Court of Virginia has found that a failure to comply with store policy may permit a jury to find that a defendant knew of a dangerous condition because of foreseeability. *O'Brien v. Everfast, Inc.*, 491 S.E.2d 712, 714–15 (Va. 1997). However, the failure to follow policy in *O'Brien* involved the defendant's affirmative conduct — an employee's act of leaning bolts of fabric against a cutting table rather than replacing the bolts on the store's racks. *Id*. Foreseeability may suggest actual knowledge in cases of affirmative conduct. *Jefferson v. Regal Cinemas, Inc.*, No. 3:10cv166, 2010 WL 3894127, at *6 (E.D. Va. Oct. 4, 2010).

In this case, the plaintiff contends that Tractor Supply failed to follow its policy and properly monitor for spills and that in essence, it negligently failed to maintain the premises. This conduct, or lack thereof, amounts to passive conduct, not affirmative conduct. *Smith v. Walgreen Co.*, No. 3:14CV69, 2014 WL 3891683, at *3 n.4 (E.D. Va. Aug. 7, 2014). In the absence of any affirmative conduct, more specific proof of notice is required than general notice of a reoccurring dangerous condition. *Jefferson*, 2010 WL 3894127, at *6 n.7 ("Jefferson relies on *Smith* for the proposition that he need not show constructive notice of the specific popcorn bag because Regal was on notice of a general recurring dangerous condition caused by trash left on the floor. Were this true, nearly any workplace with a regular cleaning schedule would be on constructive notice of trash on the floor between cleanups.").

Because "the evidence fails to show when [the unsafe condition] occurred on the premises, the plaintiff has not made out a prima facie case." *Grim*, 434 S.E.2d at 890. Accordingly, I find that summary judgment must be awarded in favor of the defendant.

IV.

For these reasons, it is **ORDERED** that the defendant's Motion for Summary Judgment, ECF No. 22, is GRANTED. It is further **ORDERED** that the defendant's Motion in Limine, ECF No. 24, is DENIED as moot. A separate final judgment will be entered herewith.

ENTER: July 15, 2022

/s/ JAMES P. JONES
Senior United States District Judge